# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-CR-73-JED |
| v. ) | |
| ) | (16-CV-394-JED-PJC) |
| DANIEL ALAN GREGORY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . ., or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Mr. Gregory's motion, as supplemented, asserts that his conviction under Count Two should be vacated or set aside pursuant to the Supreme Court's decision in *United States v. Davis*, __ U.S. __, 139 S. Ct. 2319 (2019).[1] Because issues relating to the defendant's claims were at times pending before the Tenth Circuit, this matter was stayed

---

[1] Mr. Gregory initially filed his § 2255 motion, citing *Johnson v. United States*, 576 U.S. 591 (2015). He subsequently supplemented his motion to add a claim under the Supreme Court's decision in *Sessions v. Dimaya*, __ U.S. __, 138 S. Ct. 1204 (2018). However, neither *Johnson* nor *Dimaya* directly addressed the issue presented by Mr. Gregory's motion. *Davis*, decided in 2019, is on point. Thus, Mr. Gregory concedes that "*Johnson* and *Dimaya* cannot save him" (Doc. 57 at 2), and he is instead now proceeding on his claim only under *Davis* (*id.*).

at the parties' request to await decisions that could impact arguments and a decision in this case. The stay was subsequently lifted, and the matters are now fully briefed and ripe for decision.

**I.      Background**

Mr. Gregory attempted to rob a Med-X Pharmacy in Tulsa, Oklahoma, on April 11, 2007, showing his gun and attempting to take Lortab from the employees against their will. (*See* Doc. 1 at 9-10; Doc. 18-2 at 2). Two days later, he robbed Spoon Drug in Sand Springs, Oklahoma, pointing a handgun at employees and taking Lortab from them against their will. (Doc. 1 at 10; Doc. 18-2 at 2). On April 14, 2007, Mr. Gregory was charged in a four-count Complaint. The Complaint charged him with attempted robbery of the Med-X Pharmacy, in violation of the Hobbs Act (Count One), brandishing and possessing a firearm in furtherance of the attempted Hobbs Act robbery (Count Two), robbery of Spoon Drug, in violation of the Hobbs Act (Count Three), and brandishing and possessing a firearm in furtherance of the Hobbs Act robbery (Count Four). (Doc. 1).

Mr. Gregory and the government negotiated a plea agreement in May 2007, pursuant to which he would plead guilty to an Information charging the two violations of § 924(c), but not charging the predicate Hobbs Act robbery offenses. (*See* Doc. 18-1, 18-2). Thus, Count One of the Information charged that, on April 11, 2007, the defendant "knowingly possessed a firearm in furtherance of a crime of violence, that is, [the defendant] knowingly, willfully, intentionally, and unlawfully did attempt to take and obtain a Controlled Dangerous Substance from the presence of an employee of Med-X Pharmacy [in Tulsa, Oklahoma], against the employee's will by means of actual and

threatened force, violence, and fear of injury, immediate and future. . . . During the course of said crime of violence, [the defendant] also brandished said firearm . . . in violation of [18 U.S.C. §] 924(c)."  (Doc. 10 at 1).  Count Two charged that, on April 13, 2007, the defendant "knowingly possessed a firearm in furtherance of a crime of violence, that is, [he] knowingly, willfully, intentionally, and unlawfully did take and obtain a Controlled Dangerous Substance from the presence of an employee of Spoon Drug [in Sands Springs, Oklahoma]. . . . During the course of said crime of violence, [he] also brandished said firearm . . . in violation of [18 U.S.C. §] 924(c)."  (*Id.* at 2).

As part of his plea agreement, Mr. Gregory acknowledged that the elements of § 924(c) were that "a. the defendant knowingly possessed a firearm; b. in furtherance of a crime of violence."  (Doc. 18-1 at 7).  He admitted that he "knowingly, willfully and intentionally committ[ed] the acts constituting the crimes alleged in Counts One and Two . . . and confesse[d] to the Court that [he] is, in fact, guilty of such crimes."  (*Id.*).  Mr. Gregory further stipulated that "the victims were physically restrained in each of the underlying robberies." (*Id.* at 14).

In his Plea Petition, Mr. Gregory represented that he did the following acts in connection with the charges in the Information:

> On, April 11, 2007, I attempted to rob the Med-X Pharmacy, located at 4237 Southwest Blvd. in Tulsa, Tulsa County, Oklahoma, with a firearm, used against the will of the employees therein.  I demanded prescription medication, namely Lortab, and did show my gun to them and attempted to take the medication from them against there [sic] will.  Additionally, On April 3 [sic], 2007, I robbed the Spoon Drug Pharmacy located at 540 East Plaza Court in Sand Springs, Tulsa County, Oklahoma, wherein I did show my firearmm [sic] to the employees therein and demanded medication from them, namely Lortab, and did in fact receive the medication from them

3

against there [sic] will. Both the Med-X Pharmacy and Spoon Drug Pharmacy conduct their business in and affecting interstate commerce, such that robbery and attempted robbery of said businesses affected interstate commerce. Both of these offenses occurred within the boundaries of the Northern District of Oklahoma.

(Doc. 18-2 at 2).

On May 23, 2007, United States District Judge H. Dale Cook accepted Mr. Gregory's guilty pleas on Counts One and Two and adjudicated him guilty of those offenses. (Doc. 18). On September 17, 2007, Mr. Gregory was sentenced to 384 months of imprisonment, which was comprised of a 7-year mandatory minimum sentence on Count One, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory consecutive minimum sentence of 25-years imprisonment on Count Two, pursuant to 18 U.S.C. § 924(c)(1)(C)(i). (*See* Doc. 20, 22).[2]

---

[2] At sentencing, Judge Cook was troubled by what he believed to be an excessive mandatory minimum sentence for Count Two. (*See* Doc. 23 at 17-18). At the time of sentencing, § 924(c)(1)(C) required a 25-year sentence for a "second or subsequent conviction" under § 924(c). Mr. Gregory was thus sentenced on Count Two to the 25-year minimum for the subsequent § 924(c) offense, based upon the Spoon Drug robbery committed just two days after the robbery that was the predicate for Count One.

Mr. Gregory would not be sentenced so harshly today as he was in 2007. The 2018 First Step Act altered § 924(c)(1)(C) to impose the mandatory minimum 25-year sentence only where a prior § 924(c) conviction "has become final." 18 U.S.C. § 924(c)(1)(C)(i). If sentenced today, Gregory would not be subject to a sentence under § 924(c)(1)(C)(i) on Count Two. Instead, the applicable mandatory minimum would be 7 years – not 25 years – for brandishing his weapon during the robbery that is the predicate for Count Two, because there was not a "prior [§ 924(c)] conviction . . . [that had] become final."

It is troubling that Mr. Gregory is incarcerated under a sentence that is many years longer than the mandatory minimum to which he would be subjected if his offenses were committed, charged, and sentenced after the 2018 passage of the Act. Unfortunately, however, the amendment to § 924(c)(1)(C) does not apply retroactively to sentences imposed before the Act's enactment. *See* P.L. 115-391, 132 Stat 5194, 5222, § 403(b); *United States v. Hunt*, 793 F. App'x 764, 766-67 (10th Cir. 2019) (unpublished). Despite this apparent injustice, the issue is one for Congress – rather than this Court – to fix.

Mr. Gregory did not appeal. On June 24, 2016, Mr. Gregory filed his § 2255 motion, alleging that his § 924(c) "convictions for possessing a firearm in relation to a 'crime of violence' based on 18 U.S.C. [§] 1951 violate the new Constitutional due process ruling in *Johnson* that invalidated as impermissibly vague the 'residual clause' definition in the ACCA 18 U.S.C. [§] 924(e)(2)(B)(ii), applies to the residual clause in section 924(c)(3)(B), on which his conviction and sentence for consecutive count is based." (Doc. 29 at 4). Mr. Gregory also cited the Hobbs Act Robbery statute and alleged that Hobbs Act robberies are "no longer a crime of violence." (*See id.* at 10, 13).

At the parties' suggestion, the Court stayed this matter while various issues were pending before the United States Supreme Court and the Tenth Circuit. In the interim, the Court permitted Mr. Gregory to supplement his motion to assert claims under *Dimaya* and *Davis*, which were decided in 2018 and 2019, while Mr. Gregory's motion was pending.

## II. Discussion

### A. Timeliness

The government agrees that Mr. Gregory's § 2255 motion raises a timely claim under *Davis*. (*See* Doc. 56 at 5-6; *see also* Doc. 49 at 6-7). In *Davis*, the Supreme Court determined that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally void for vagueness. *See Davis*, 139 S. Ct. at 2336. That ruling "is a new constitutional rule that is retroactive on collateral review." *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019). Because Mr. Gregory's motion was supplemented to raise a *Davis* claim within one year of the *Davis* decision, it is timely. *See* 28 U.S.C. § 2255(f)(3) (1-year limitation period to file a motion under § 2255 runs from "the date on which the right asserted was

initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

### B. Collateral Review Waiver

In his plea agreement, Mr. Gregory "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." (Doc. 18-1 at 3-4). He also signed the waiver, which stated that he "expressly acknowledges that counsel has explained his appellate and post-conviction rights; that defendant understands his rights; and that defendant knowingly and voluntarily waives those rights as set forth above." (*Id.*).

"[C]ontract principles govern plea agreements." *United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004). Absent a claim of ineffective assistance, a waiver of rights to collaterally attack under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made. *See United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). The Tenth Circuit has adopted a three-prong analysis for determining whether such waivers should be enforced. The analysis calls for the court to determine: (1) whether the disputed § 2255 motion falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325.

The first prong, scope of the waiver, requires the court to "strictly construe" the waiver and any ambiguities in the agreement against the government and in favor of the

defendant. *See Hahn*, 359 F.3d at 1325. The Court "will hold a defendant to the terms of a lawful plea agreement." *Id.* at 1328. Signing a broad waiver of collateral attack rights in a plea agreement signifies that the disputed collateral attack falls within the scope of the waiver. *See id.* Mr. Gregory signed a broad waiver in his plea agreement, stating that he "waive[d] the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." (Doc. 18-1 at 3-4). Neither the waiver nor any other part of the plea agreement relating to the waiver is ambiguous, and the Court finds that the defendant's disputed collateral attack falls within the scope of the waiver.

With respect to the second prong, the Court notes that Mr. Gregory does not challenge that his waiver of the right to collaterally attack under § 2255 was made "knowingly and voluntarily." In light of that, and his statement in the plea agreement that he "expressly acknowledge[d] that counsel . . . explained his appellate and post-conviction rights; that defendant underst[ood] his rights; and that defendant knowingly and voluntarily waive[d] those rights," the Court finds that the waiver was knowingly and voluntarily made.

With respect to the third prong, "enforcement of [a] waiver does not result in a miscarriage of justice unless enforcement would result in one of . . . four situations," which are "where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the wavier invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful." *Id.* at 1327-28 (quoting *United States v. Elliott*, 264 F.3d 1171,

7

1173 (10th Cir. 2001)).  As to this prong, the sentencing court did not rely on any impermissible factor such as race, Mr. Gregory does not allege ineffective assistance of counsel, the sentence did not exceed the statutory maximum, and Mr. Gregory does not argue that the waiver is otherwise unlawful.

Mr. Gregory argues that his sentence should be considered to have exceeded the statutory maximum because his challenge under *Davis* is to the entirety of his conviction on Count Two, such that his 25-year mandatory minimum sentence should not have been imposed at all.  (*See* Doc. 57 at 2-6).  The Court agrees that, *if* his conviction and sentence on Count Two was unconstitutional, applying the collateral review waiver to foreclose his *Davis* claim would result in a miscarriage of justice.  Accordingly, the Court will next consider the merits of his claim to determine whether a miscarriage of justice would occur in enforcing the waiver.

**C.      Defendant's Claim Under *Davis***

Under 18 U.S.C. § 924(c), it is a federal crime to use or carry a firearm during and in relation to a crime of violence, or to possess a firearm in furtherance of a crime of violence.  The statute defines "crime of violence" as a federal felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) ... by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is known as the "elements clause" and section (B) is known as the "residual clause" of § 924(c)(3). In *Davis*, the Supreme Court determined that § 924(c)(3)(B)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336.

Mr. Gregory correctly notes that Count Two does not list elements that describe physical force in terms identified in the elements clause. (Doc. 57 at 7; *see also* Doc. 10 at 2). He argues that his conviction on Count Two must have been under the unconstitutional residual clause. However, a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c). *United States v. Hill*, 971 F.2d 1461, 1464 (10th Cir. 1992); *United States v. Tolliver*, 730 F.3d 1216, 1225 (10th Cir. 2013).

Moreover, Mr. Gregory has acknowledged that the offense underlying Count Two was a Hobbs Act robbery. His § 2255 motion specifically references the Hobbs Act robberies as being the predicate offenses for his convictions. (*See* Doc. 29 at 4 [referring to "his convictions for possessing a firearm in relation to a 'crime of violence' based on 18 U.S.C. [§] 1951"; *id.* at 10 [referring to "Hobbs Act Robbery (1951) [as] unconstitutionally vague"; *id.* at 13 [requesting that the Court vacate his § "924(c) convictions ... due to the Hobbs Act Robbery being ... no longer a crime of violence."]).[3]

---

[3] The record is also replete with evidence that the predicate crime for Count Two was a Hobbs Act robbery. The defendant stipulated that "the victims were physically restrained in each of the underlying robberies." (Doc. 18-1 at 14). In his Petition to Plead Guilty, he stated that he "robbed the Spoon Drug Pharmacy located at 540 East Plaza Court in Sand Springs, Tulsa County, Oklahoma, wherein [he showed his firearm] to the employees therein and demanded medication from them, namely Lortab, and did in fact receive the medication from them against there [sic] will." (Doc. 18-2 at 2). The Presentence Report indicated, without any objection by Mr. Gregory, that during the Spoon Drug robbery, Mr. Gregory "threatened force, violence, and fear of injury to the pharmacy employee."

The Tenth Circuit has held that Hobbs Act robbery is categorically a crime of violence under the elements clause, § 924(c)(3)(A). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 n.4 (10th Cir. 2018). The Circuit has continued to follow that holding after the Supreme Court's decision in *Davis*. *See, e.g., United States v. Toki*, __ F. App'x __, 2020 WL 4590536, *3 (10th Cir. 2020); *United States v. Kayarath*, __ F. App'x __, 2020 WL 4360778, *2 (10th Cir. 2020) ("[I]n *Melgar-Cabrera*, [the court concluded that] taking property from a person by placing him in fear of injury is accomplished by threatening the application of physical force").

For the foregoing reasons, Mr. Gregory's conviction on Count Two was based upon the predicate Hobbs Act robbery offense, which is a crime of violence under the elements clause of § 924(c)(3)(A). Because the elements clause was *not* determined to be unconstitutional in *Davis*, Mr. Gregory is not entitled to relief under *Davis*. The Court thus finds that enforcing the collateral attack waiver will not result in a miscarriage of justice, such that his collateral attack waiver should be enforced and his § 2255 motion should be dismissed. Alternatively, for the same reasons, the Court would deny the motion because Mr. Gregory is not entitled to relief under *Davis*.

### III.  Conclusion

For the foregoing reasons, Mr. Gregory's § 2255 motion (Doc. 29), as supplemented (Doc. 56), is **dismissed**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, the Court finds and concludes that a certificate of appealability should not issue. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial

of a constitutional right." 28 U.S.C. § 2253(c)(2). The defendant has not made such a showing, and a certificate of appealability is not issued.

SO ORDERED this 25th day of September, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT