UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 07-CR-73-JED ) ) |
| DANIEL ALAN GREGORY, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is Defendant Daniel Alan Gregory's Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 63). Mr. Gregory seeks a reduction in sentence based on "extraordinary and compelling circumstances" in light of the significant sentencing disparity created by the First Step Act of 2018 and a combination of factors that warrant relief. The government did not file a response to Mr. Gregory's Motion.

**I.   Background**

Mr. Gregory attempted to rob a Med-X Pharmacy in Tulsa, Oklahoma, on April 11, 2007, showing his gun and attempting to take Lortab from the employees against their will. (*See* Doc. 1 at 9-10; Doc. 18-2 at 2). Two days later, he robbed Spoon Drug in Sand Springs, Oklahoma, pointing a handgun at employees and taking Lortab from them against their will. (Doc. 1 at 10; Doc. 18-2 at 2). On April 14, 2007, Mr. Gregory was charged in a four-count Complaint. The Complaint charged him with attempted robbery of the Med-X Pharmacy, in violation of the Hobbs Act (Count One), brandishing and possessing a firearm in furtherance of the attempted Hobbs Act robbery (Count Two), robbery of Spoon Drug, in violation of the Hobbs Act (Count Three), and brandishing and possessing a firearm in furtherance of the Hobbs Act robbery (Count Four). (Doc. 1).

1

Mr. Gregory and the government negotiated a plea agreement in May 2007, pursuant to which he agreed to plead guilty to an Information charging the two violations of § 924(c), but not charging the predicate Hobbs Act robbery offenses. (*See* Docs. 18-1, 18-2). On May 23, 2007, United States District Judge H. Dale Cook accepted Mr. Gregory's guilty pleas on Counts One and Two of the Information and adjudicated him guilty of those offenses. (Doc. 18). On September 17, 2007, Mr. Gregory was sentenced to 384 months of imprisonment, which was comprised of a 7-year mandatory minimum sentence on Count One, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), and a mandatory consecutive minimum sentence of 25-years imprisonment on Count Two, pursuant to 18 U.S.C. § 924(c)(1)(C)(i). (*See* Docs. 20, 22).

At the time of sentencing, § 924(c)(1)(C) required a 25-year sentence for a "second or subsequent conviction" under § 924(c). Mr. Gregory was thus sentenced on Count Two to the 25-year minimum for the subsequent § 924(c) offense, based upon the Spoon Drug robbery committed just two days after the robbery that was the predicate for Count One. At sentencing, Judge Cook was troubled by what he believed to be an excessive mandatory minimum sentence for Count Two:

> I will say that in my personal belief, this sentence is too long. That's my personal belief. But anytime a judge starts being a person and not an administrator of the law, they ought to leave the bench. I am bound by the law as all of us are. In this particular instance, I tried to see if the law would permit me the latitude to look at a sentence less than the minimum. It does not. Once I have determined it does not, I have no choice.

(Doc. 23 at 17-18).

Mr. Gregory did not file a direct appeal, and his motion for relief under 28 U.S.C. § 2255 was denied on September 25, 2020. (Doc. 58).

## II. Discussion

In December 2018, Congress enacted the First Step Act (FSA), which modified 18 U.S.C. § 3582(c)(1) to allow a defendant to file a motion for modification of sentence where

"extraordinary and compelling reasons warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i). Section 3582(c) now reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-
>
> (i) extraordinary and compelling reasons warrant such a reduction

§ 3582(c).

As the statute indicates, a defendant may only file for compassionate release "after either exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion or the passage of 30 days from the defendant's unanswered request to the warden for such relief." *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing 132 Stat. at 5239). Once a court has determined that a defendant has satisfied the exhaustion requirement, it can turn to the substance of a defendant's motion.

The Tenth Circuit has adopted a three-step test for courts considering motions filed under § 3582(c). *Id*. at 1042-43. First, a district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. *Id*. at 1042. Second, the district court must determine whether a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Id*. Third, the court should consider any applicable factors set forth in §

3553(a) and "determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." *Id*. (alteration in original) (internal quotations omitted).

## A. Exhaustion Requirement

Here, Mr. Gregory has satisfied the exhaustion requirement by sending a request to his warden and waiting thirty days to file this motion. On September 7, 2021, Mr. Gregory's counsel filed a request with Mr. Gregory's warden, and on October 8, 2021, Mr. Gregory received a denial of compassionate release. (*See* Docs. 64-3, 63-4). Mr. Gregory filed this Motion on November, 8, 2021, which was well over thirty days after his warden received his request for compassionate release. Thus, Mr. Gregory has exhausted his administrative remedies, and his motion is ripe.

## B. Extraordinary and Compelling Circumstances

At step one, a district court must determine whether extraordinary and compelling reasons warrant a sentence reduction. District courts have discretion "to determine for themselves what constitutes 'extraordinary and compelling reasons.'" *McGee*, 992 F.3d at 1045. The Courts finds that such reasons exist here. Mr. Gregory's sentence was the result of what's been termed § 924(c) "stacking." Before the passage of the FSA,

> a defendant convicted of two § 924(c) violations in a single prosecution faced a 25-year minimum for the second violation. See *Deal v. United States*, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993); § 1(a)(1), 112 Stat. 3469. In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed "after a prior [§ 924(c)] conviction ... has become final" will trigger the 25-year minimum. Pub. L. 115–391, § 403(a), 132 Stat. 5221.

*United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) (alteration in original).

"Recognizing the disparity created by the First Step Act's alterations to § 924(c), many district courts have granted reductions to defendants with 'stacked' 924(c) convictions." *United States v. Curtis*, No. 01-CR-03-TCK, 2020 WL 6484185 (N.D. Okla. Nov. 4, 2020) (granting

compassionate release in a stacked § 924(c) case where the movant was 32-years-old at the time, and had served almost 20 years of a 189-year sentence) (citing cases); *see also United States v. Banks*, No. 06-CR-61-TCK, 2021 WL 1941775 (N.D. Okla. May 14, 2021) (granting compassionate release in § 924(c) stacking case where movant had served 15 years of a 44-year sentence).

If Mr. Gregory were to be sentenced today, he would likely have received a sentence of approximately fourteen years rather than thirty-two. The Court here follows the lead of *Curtis*, *Banks*, and the multiple other courts around the country that have granted compassionate release in § 924(c) stacking cases; accordingly, the Court finds that such a significant sentencing disparity constitutes an "extraordinary and compelling" reason for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

**C. Consistency with Applicable Policy Statements**

At step-two, the Court must ensure that any reduction in sentence be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A). This reference has generally been linked to United States Sentencing Guideline § 1B1.13. *See McGee*, 992 F.3d at 1048-49; *United States v. Maumau*, 993 F.3d 821, 834-35 (10th Cir. 2021). In the commentary to § 1B1.13, the Sentencing Commission has described what should be considered "extraordinary and compelling reasons" for a sentence reduction. *See* USSG § 1B1.13 (2018) cmt. 1-3.

As the Tenth Circuit has noted, though,

> The Sentencing Commission consists of seven voting members and, per statute, requires four members for a quorum to amend the guidelines. 28 U.S.C. §§ 991(a) (setting forth the number of members), 994(a) (requiring the vote of four members). Since the First Step Act was enacted, the Commission has had only two voting members. Thus, the Commission has been unable to comply with its statutory duty

of promulgating a post-First Step Act policy statement regarding the appropriate use of the sentence reduction provisions of § 3582(c)(1)(A)(i).

*McGee*, 992 F.3d at 1049-50. Because of this, the Tenth Circuit has held that the policy statement currently in § 1B1.13 "is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id*. at 1050. "'In other words, if a compassionate release motion is not brought by the BOP Director, Guideline § 1B1.13' would 'not, by its own terms [be considered to] apply to it.'" *Id*. (alterations in original) (quoting *United States v. Booker*, 976 F.3d 228, 236 (2d Cir. 2020). Accordingly, the Court need not determine whether a reduction to Mr. Gregory's sentence is consistent with the Sentencing Commission's policy statements.

### D. 18 U.S.C. § 3553(a) Factors

At step three, the Court should consider any applicable factor in § 3553(a). § 3582(c)(1)(A). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>>
>>> . . . .
>
> (5) any pertinent policy statement--

. . . .

>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). This Court can look at these factors as they stand today rather than what they were at Mr. Gregory's sentencing. "Importantly, evidence of post-sentence rehabilitation is likely the most critical of core considerations for the Court in a § 3582(c) proceeding." *Curtis*, 2020 WL 6484185 *8.

Looking to the history and characteristics of Mr. Gregory, the Court is cognizant of the circumstances that led to his arrest and conviction. While the Court obviously does not excuse what he did, there is no doubt that Mr. Gregory, like so many others in this country, was, at least in part, a victim of his addiction to opioid pain killers. This addiction was the main force that drove him to rob two pharmacies at gunpoint. Mr. Gregory recognizes the severity of his wrongdoing and has taken individual responsibility for his actions. He also demonstrated deep remorse for what he did at sentencing. (Doc. 23 at 12-13).

Mr. Gregory was only 26 years old when he committed the robberies and had no significant criminal history before his arrest. Family members, friends, employers before prison, employers in prison, his pastor, and his prison counselor all wrote letters of support speaking to his good character. (*See* Docs. 63-9; 63-10; 63-11; 63-12; 63-15).

Mr. Gregory has also shown an interest in improving himself while incarcerated. He has taken many educational and vocational classes, completed the drug treatment program available to him, and has also repeatedly tested negative during random drug screenings while incarcerated. Mr. Gregory also served as the clerk to the general foreman of Unicor at FCI El Reno where he

handled several important office and administrative tasks. One of Mr. Gregory's former supervisors summarized his transformation as follows:

> I want to convey a message that [Mr.] Gregory is a capable person that illustrates the tools to live as a productive member of society. He demonstrates these tools on a daily basis with his great work ethic, respect, and pride in what he does. I am not trying to remove him of any fault that led him to serving time in prison; however, I feel that reconsideration of the length of his sentence would be worthwhile due to his outstanding conduct. I can state with certainty that Daniel Gregory does not possess any violent/predatory behavior or any other traits that would hinder him from succeeding if he were given a second chance.

(Doc. 63-15). The Court has reviewed all the letters written in support of Mr. Gregory and is impressed by the man he has become and is convinced that he is a different person than the one sentenced fourteen years ago.

The Court is also pleased to see the support system Mr. Gregory will inherit upon release from prison. Mr. Gregory's mother and stepfather have a second-floor apartment where Mr. Gregory will be able to live following his release. This is a safe, stable, firearm-free home where his family can support him. Further, Mr. Gregory has four potential job opportunities he would be able to pursue upon his release. (Doc. 63-18).

Considering Mr. Gregory's conviction at a relatively young age, the disparity between his sentence and those sentenced for similar crimes after the FSA, his rehabilitation efforts, and the environment he would enter upon release, the Court finds extraordinary and compelling circumstances that form the basis for relief. Therefore, the Court finds a reduction under § 3582(c)(1)(A) to a sentence of time served is "sufficient, but not great than necessary," to comply with the sentencing purposes set forth in § 3553(a).

### III.     Conclusion

Based on the foregoing, the Court **grants** Mr. Gregory's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) and Memorandum in Support (Doc. 63). Mr. Gregory's sentence is hereby reduced to time served. The previously imposed fine, term of supervised release, and conditions of supervision remain unchanged.[1] The United States Probation Office for the Northern District of Oklahoma is directed to provide the Bureau of Prisons with a copy of this order to facilitate Mr. Gregory's release.

**IT IS SO ORDERED** this 22nd day of November, 2021.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment.